## WAMSUTTA MILLS v. CANNON MILLS CO. et al.

District Court, S. D. New York.
Dec. 16, 1942.

Breed, Abbott & Morgan, of New York City, for plaintiff.

Gerdes & Montgomery, of New York City, for Cannon Mills, Inc.

Hodges, Reavis, Pantaleoni & Downey, of New York City, for Montgomery Ward & Co. Inc.

HULBERT, District Judge.

Plaintiff sues to recover damages for infringement of a trademark registered in the United States Patent Office on or about November 24, 1931.

Upon the motion of the defendant Montgomery Ward & Co. Inc., to dismiss, the allegations of the complaint must be accepted as true.

While the Act does not create a trademark but merely provides for its registration, it is the use rather than the mere adoption of the trademark which gives the registrant protection intended in appropriating it to a particular class of goods, to distinguish his product from like goods sold by others with the hope that it will come to symbolize good will.

From the record before me it appears that up to June 30, 1942, the gross sales of sheets and pillow cases manufactured by the plaintiff under its trademark "Supercale" amounted to $8,701,564.72 and up to July 31, 1942, plaintiff spent the sum of $609,499 for advertising its product.

The defendant Cannon Mills Co. manufactures sheets and pillow cases under the trademark "Superfine Percale" which defendant Cannon Mills, Inc., a wholly owned subsidiary and sales agent of the manufacturer, sells under said trademark to other parties throughout the United States, including the defendant Montgomery Ward & Co. Inc., which, in turn, sells said sheets and pillow cases under said trademark to the general public.

There is a doubt in my mind whether the acts of the defendant as alleged in the complaint may not create such confusion in the minds of the purchasing public as the Act itself was designed to prevent, and which is sufficient to justify the taking of proofs and the motion to dismiss is denied.

The same defendant also moves for a bill of particulars.

Its counsel is apprehensive that the language of the complaint may be susceptible to a construction, or that facts may later develop, which would entitle him, or even require him, to plead defenses of which he is not now aware.

This argument appears to be without merit. If, however, after issue joined, any such situation should develop, on application to the court to amend the answer, Federal Rules of Civil Procedure, rule 15 (a), 28 U.S.C.A. following section 723c, the present motion, in that event, might well prove to have been precautionary and protective.

The alternative motion is denied. Settle order if not agreed upon as to form.